**Juan A. CRESCIONI, Petitioner,**

v.

**Dr. R. O. SETTLE, Warden, Respondent.**

No. 13722-2.

United States District Court
W. D. Missouri, W. D.

Feb. 6, 1962.

GIBSON, District Judge.

Petitioner has filed a "Petition for Writ of Habeas Corpus." This document is, to a large extent, incoherent. Petitioner indicates that proceedings of some sort were had against him in the United States District Court in New York, New York, but he does not indicate the nature of the proceedings. Petitioner is apparently presently incarcerated in the United States Medical Center in Springfield, Missouri, although for what reason, it is impossible to tell.

Whether he has been tried, whether he is there pending a sanity hearing to determine if he is competent to stand trial, or whether he has already been adjudged incompetent to stand trial, and is in Springfield awaiting transfer to a state institution, appears nowhere in the petition.

Apparently petitioner wishes this Court to determine his competency.

It is incumbent upon the applicant for a writ of habeas corpus to state sufficient facts which if true, would entitle him to relief. It is not the problem of the Court to make an intensive investigation into each factual situation upon a general application for relief alleging only in generalities a violation of constitutional rights.

This Court has no jurisdiction to determine the sanity of petitioner; that jurisdiction being solely in the New York District Court that made the commitment. Sections 4244 and 4245, Title 18 U.S.C., which Sections regulate procedures to determine mental competency before and after trial, clearly indicate that the *trial* Court, or the Court in which the proceedings originated, is the one in which all questions involving a defendant's sanity are to be decided. See, also, Higgins v. McGrath, D.C., 98 F. Supp. 670. It is the duty of the committing Court to make periodic inquiry as to the mental condition of the petitioner in order to determine whether or not the petitioner's status as a ward should continue.

For the reasons above stated, the "Petition for a Writ of Habeas Corpus" is denied.

It is so ordered.